25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Akeem Abdul MAKIN, Plaintiff-Appellant,
v.
COLORADO TERRITORIAL CORRECTIONAL FACILITY; H.B. Johnson;
Jerry Sylvia; Robert Eggert; Gloria Masterson,
individually and in their official
capacity, Defendants-Appellees.
 No. 93-1398.
 United States Court of Appeals, Tenth Circuit.
 June 8, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Akeem Abdul Makin, formerly known as Adolphus Hailey, proceeding in forma pauperis (IFP), filed a 42 U.S.C. 1983 complaint against administrators and employees of the Colorado Territorial Correctional Facility, alleging that they violated his constitutional rights during a prison disciplinary action. Plaintiff argued that his conviction for making a threat as defined in the Code of Penal Discipline (Code) violated his due process rights. Plaintiff also asserted an equal protection violation on the grounds that another prisoner was found not guilty on a charge of threat although that prisoner's conduct allegedly supported such a charge.
 
 
 3
 The district court adopted the report and recommendation of the magistrate judge and dismissed plaintiff's suit as "frivolous" under 28 U.S.C.1915(d). Plaintiff appealed.
 
 
 4
 "A pro se litigant's pleadings are to be construed liberally," Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Federal courts may dismiss claims filed IFP if they lack "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 324-25. (1989). We review dismissal under 1915(d) for abuse of discretion. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 5
 The Code provides a maximum penalty of twenty days segregation for "threats." When a prisoner is subjected to a disciplinary proceeding in which he faces "only a short amount of segregation with no effect on parole" procedural due process requires only that he receive notice and an opportunity to present a statement. I R. doc. 10 at 3 (citing Hewitt v. Helms, 459 U.S. 460, 473 (1983)). The plaintiff received both notice and a hearing, at which the prison disciplinary board made factual findings and determined that plaintiff was guilty of making a threat and of disobeying a lawful order.[2] The magistrate judge noted that a reviewing court must affirm the prison disciplinary board's findings if there is evidence in the record to support the board's conclusion, I R. doc. 10 at 3 (citing Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 455 (1985)).
 
 
 6
 The Code of Prison Discipline defines threats as the communication of "a present determination or intent to injure another person or to commit a crime of violence or an unlawful act dangerous to human life, presently or in the imminent future, and the probable consequence of such threat" is to place another person in fear of bodily injury. See I R. doc. 10 at 2 (citing DOC Admin. Reg. 150-1, 1/26-b-i-(13)). The notice of charges in the instant case includes the following factual summary:
 
 
 7
 [I]nmate Hailey approached the med line window and made the statement "You look nice tonight Tammy." I said "Stop Mr. Hailey." Hailey then stated, "I can't help it if I love women, and there aren't many women around here. What do you think we can do about this Tammy? ["] I stated "Nothing Mr. Hailey, and you're inappropriate with your comments. Take your meds and leave the med[.] line now!" Again inmate Hailey refused to obey my order to cease his inappropriate comments and leave the med line now. Hailey stated "You won't accommodate me?" I stated "No, now leave the med line." Hailey stepped back from the med line smiling at me and then left. Because of this inmate's behavior and refusing to obey my order to stop making inappropriate remarks, I felt very threatened for my personal safety.
 
 
 8
 I R. tab 5, Notice of Charges (statement of T. Dent).
 
 
 9
 The disciplinary board found that "[b]y his actions, the inmate did communicate a threat to the staff member. The actions following the conversation made the staff feel the conversation was serious and she would be subjected to harm. Inmate did not leave the med line as instructed." I R. tab 5, Disposition of Charges. Plaintiff received as penalties twenty days of punitive segregation on the threats charge, and fifteen days concurrent punitive segregation for disobeying a lawful order. Id.
 
 
 10
 Plaintiff argues that the facts found by the disciplinary board do not constitute a violation of the rule against threats. The magistrate judge stated that "the record indicates that the testimony of Ms. Dent provided some evidence to support the threats charges." See I R. tab 10 at 4. Plaintiff objected to the magistrate judge's recommendation, asserting that the staff member's subjective feeling of being threatened by plaintiff's actions was not the pertinent question; rather the question is whether the inmate's conduct met the Code definition of the offense. Plaintiff argues that there was no factual finding supporting the element of a present or imminent threat of harm. Plaintiff states, and defendants do not dispute, that the med line window has six metal bars and bullet proof glass in front of it; thus there was no possibility that an unarmed inmate could harm a person behind the window.
 
 
 11
 Defendants did not respond to plaintiff's argument, and the district court accepted the magistrate judge's recommendation without directly responding to this objection. Mindful of the deferential abuse of discretion standard for review of a 1915(d) dismissal, we nonetheless hold the district court erred in determining that plaintiff's 1983 complaint has no basis in law or in fact. Plaintiff has alleged facts which if true support his assertion that his due process rights were violated because he was found guilty of a disciplinary rules violation for which there was no factual or legal basis.
 
 
 12
 We agree, however, with the magistrate judge and district court order finding that plaintiff's allegations of an equal rights violation and allegations concerning reclassification to administrative segregation are too vague and conclusory to support a 1983 claim. See Hall v. Bellmon, 935 F.2d at 1110. Therefore, we AFFIRM IN PART, REVERSE IN PART, AND REMAND for further proceedings[3] consistent with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff makes no allegations that the disobeying a lawful order charge was erroneous
 
 
 [3]
 The district court may wish to order a Martinez report to explore the plaintiff's allegations concerning the med line window